IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ABEL FATAH ELLAWENDY,   No. C 19-5475 WHA (PR)

    Plaintiff,   **ORDER OF DISMISSAL**

  v.

STEVE BENAL; COMMANDER BASS; COMMANDER BIER

    Defendants.
                                  /

## INTRODUCTION

Plaintiff filed this pro se complaint under 42 U.S.C. § 1983 against officials at the Monterey County Jail, where he was formerly incarcerated. For the reasons discussed below, the complaint is **DISMISSED** for failure to state a cognizable claim for relief. Leave to proceed in forma pauperis is granted in a separate order.

## ANALYSIS

### A.  STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which a plaintiff seeks to proceed in forma pauperis ("IFP"). 28 U.S.C. § 1915(e). In its review the court must dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

upon which it rests.""" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     LEGAL CLAIMS**

Plaintiff claims that while at the Monterey County Jail, he was not given meals or the opportunity to participate in services that are required to properly practice his religion. He seeks injunctive relief, specifically that jail officials provide inmates with the meals and services that are necessary to properly observe their religion. As plaintiff is no longer at the jail, any injunction to alter practices at the jail would not affect him or his constitutional right to practice his religion. Accordingly, his claims for injunctive relief must be dismissed as moot. He does not seek damages.

## CONCLUSION

For the reasons set out above, this case is **DISMISSED**. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 5, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2