IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL FATAH ELLAWENDY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STEVE BENAL; JAMES BASS; LISA BIER; ROBERT LINGLY,<br><br>　　　　Defendants. | No. C 19-5475 WHA (PR)<br><br>**ORDER GRANTING EXTENSION OF TIME AND OF SERVICE**<br><br>(ECF No. 20) |

## INTRODUCTION

Plaintiff, who was formerly an inmate in the Monterey County Jail, filed this civil rights case under 42 U.S.C. § 1983 against Sheriff Steve Benal, James Bass, Commander Lisa Bier, and Chaplain Robert Lingly at the Monterey County Sheriff's Department. He has been granted leave to proceed in forma pauperis. While he originally filed this action pro se, a lawyer has recently appeared to represent him. For the reasons discussed below, the Amended Complaint is ordered served on defendants to respond to those claims that are, when liberally construed, cognizable.

## ANALYSIS

A.　**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff has stated cognizable claims for relief against defendants under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment based upon defendants' alleged failure to provide him with meals and a place to pray that adhered to the requirements of his religion when he was housed at the Monterey County Jail.

**CONCLUSION**

For the reasons set out above,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the Amended Complaint with all attachments thereto, and a copy of this Order upon defendants **Sheriff Steve Benal, James Bass, Commander Lisa Bier, and Chaplain Robert Lingly at the Monterey County Sheriff's Department.** A courtesy copy of the Amended Complaint with attachments and this Order shall also be mailed to the Monterey

County Counsel's Office.

2. Defendants **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

3. Plaintiff's motion for an extension of time in which to file an amended complaint is **GRANTED**.

IT IS SO ORDERED.

Dated: April __15__, 2021.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.